UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WENDELL PAYNE, et al.                                        CIVIL ACTION

VERSUS                                                       NO. 13-679-JJB-RLB

FOREST RIVER, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 7, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WENDELL PAYNE, et al.**                                   **CIVIL ACTION**

**VERSUS**                                                         **NO. 13-679-JJB-RLB**

**FOREST RIVER, INC.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a "Motion for Remand" (R. Doc. 3) filed by Plaintiffs, Wendell Payne, Chris Riddle and Xcursion Marketing Group, L.L.C. ("Plaintiffs") on October 25, 2013. Defendant, Forest River, Inc. ("Defendant"), timely opposed (R. Doc. 4) the Motion on October 30, 2013. The only issue before the Court is whether removal was procedurally proper and timely based upon the receipt of "other paper" from which it could first be ascertained that the case was removable. 28 U.S.C. §§ 1332(a), 1446(b)(3). Based on the parties' memoranda and supporting evidence, it is the **RECOMMENDATION** of the United States Magistrate Judge that the District Court **DENY** Plaintiff's Motion to Remand (R. Doc. 3).

**I.    BACKGROUND**

Plaintiffs initiated their cause of action on April 11, 2013 in the 23rd Judicial District Court of Ascension Parish, Louisiana, alleging breach of contract and unfair trade practices in violation of Louisiana Revised Statute 51:1405. (R. Doc. 5-2). Although a specific amount of damages is not included in the Petition, Plaintiffs claim Defendant's conduct caused them to incur the following categorical losses: "damages for breach of contract, lost earnings, loss of use

2

of their invention and proprietary product loss, loss of business opportunity, loss of earning capacity, humiliation [and] extreme emotional distress . . . ." (R. Doc. 1-1 at 3).

Defendant was served with a copy of the Petition on April 19, 2013. (R. Doc. 1-2 at 7). On May 22, 2013, Plaintiffs filed a Motion for Preliminary Default after Defendant failed to timely respond to their Petition. (R. Doc. 1-2 at 8). That same day, an order of preliminary default was entered against Defendant by the state court. (R. Doc. 1-2 at 9). On September 20, 2013, the state court held a hearing on Plaintiffs' request to confirm the default judgment entered on May 22, 2013. (R. Doc. 3-2). At that hearing, Plaintiffs' counsel testified that Plaintiffs sought future damages equal to "4 percent of gross sales from August of 2013 forward" in addition to those already incurred between August 2012 and August 2013, which totaled "$1,021,987.92." (R. Doc. 3-2 at 7). Plaintiffs offered entered into evidence documents supporting their claimed amount of past and future damages. (R. Doc. 1-2 at 10-37). At the request of the state court (R. Doc. 3-2 at 6), on September 26, 2013, Plaintiffs submitted a written judgment confirming Defendant's default (R. Doc. 1-2 at 46-48).[1] Defendant alleges it did not learn of the September 20, 2013 hearing or Plaintiffs' September 26, 2013 proposed judgment until October 7, 2013 when Defendant's counsel checked the on-line docket. As far as the record indicates, the judgment was not signed by the state court prior to Defendant's October 8, 2013 Answer, filed in state court, or Defendant's October 14, 2013 Notice of Removal, filed in federal court. (R. Doc. 1-2 at 2, 47-52).

---

[1] While neither party has raised this issue, the Court notes that "the weight of authority establishes that a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court." *Slaaieh v. Zeineh*, 539 F. Supp. 2d 864, 866 n.2 (S.D. Miss. 2008) (quotation omitted); *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (allowing removal after entry of default judgment in state court: "The default judgment was in effect and continued in effect when the case was removed to the federal court."). The Court further recognizes that the record is unclear as to whether the judgment of default was actually signed and entered by the state court.

3

Defendant removed Plaintiffs' cause of action to the Middle District of Louisiana on October 14, 2013 alleging diversity jurisdiction. (R. Doc. 1). According to Defendant, complete diversity exists between all properly joined and served parties and the amount in controversy exceeds $75,000 exclusive of interests and costs. (R. Doc. 1 at 2-3). Defendant urges that removal is timely because it occurred within 30 days of Defendant's receipt of "other paper"—Plaintiffs' evidence of damages filed in state court on September 20, 2013. (R. Doc. 1 at 6). Plaintiffs then moved to remand their action back to state court within 30 days of removal. (R. Doc. 3).[2]

## II.    ARGUMENTS OF THE PARTIES

Plaintiffs' only argument is simple: "Defendant's Notice of Removal, filed greater than thirty (30) days after service of the original Petition, is untimely." (R. Doc. 3-1 at 2). Plaintiffs do not challenge Defendant's removal on any other grounds.

Defendant responds by suggesting that Plaintiffs' timeliness argument "misses the mark." (R. Doc. 4 at 2). According to Defendants, "[b]ecause the plaintiffs' petition did not affirmatively reveal the amount in controversy, under § 1446(b)(3), the 30-day removal period only started to run . . . when Forest River learned plaintiffs had submitted a proposed default judgment to the state court awarding, among other items of damages, $1,021,987.92 in unpaid commissions." (R. Doc. 4 at 2). Defendant argues that the evidence of damages submitted at the hearing, constitutes "other paper," under § 1446(b)(3) for purposes of removal. Whether the Court considers the September 20, 2013 hearing date or October 7, 2013 — the day Defendant's

---

[2] Plaintiffs timely filed their Motion to Remand, based on a procedural defect in the Notice of Removal, within 30 days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) as required.").

counsel learned of the hearing — as the applicable date, Defendant urges that either way its Notice of Removal was filed within 30 days of the receipt of other paper.

### III.     LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Whether subject matter jurisdiction exists, at the time of removal, is based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

####   A.     Complete Diversity and the Amount in Controversy

While neither party raises the issue of complete diversity or the amount in controversy, the Court briefly notes that the record demonstrates both requirements are satisfied. First, complete diversity exists between all properly joined parties. Plaintiff Wendell Payne is domiciled in, and therefore a citizen of, Louisiana. (R. Doc. 1-1 at 1). Plaintiff Chris Riddle is a citizen of the State of Texas. (R. Doc. 1-1 at 1). Plaintiff Xcursion Marketing Group, L.L.C. is a limited liability company composed of two members — Wendell Payne and Chris Riddle. (R. Doc. 1 at 2). Therefore, Xcursion is a citizen of both Texas and Louisiana. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of an LLC is determined

by the citizenship of its members).  Defendant Forest River, Inc. is a citizen of Indiana, which is both its state of incorporation and the location of its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Finally, neither party disputes that Plaintiffs claim damages in excess of $75,000 exclusive of interests and costs.  Plaintiffs' testimony, exhibits and proposed judgment filed in state court clearly indicate that it seeks damages in upwards of 1.2 million dollars.

B.     **Timeliness of Removal**

Plaintiffs argue that "28 U.S.C. § 1446 requires that a notice of removal be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." (R. Doc. 3-1 at 2).  As a general matter, Plaintiffs' restatement of § 1446(b)(1) is correct.  The remainder of § 1446, however, further explains that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

The face of Plaintiffs' initial Petition did not affirmatively reveal that the amount in controversy was satisfied, and by extension, that the case was removable.  Instead, Plaintiffs alleged unspecified amounts of categorical damages, consistent with Louisiana's state court practice (R. Doc. 1-1 at 3). *See* La. C. Civ. P. art. 893(A)(1) (a plaintiff's prayer for relief may not demand a "specific monetary amount of damages").  Plaintiffs are therefore incorrect, as a matter of law, that the 30-day time period for removal began to run when Defendant received service on April 19, 2013. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) ("the thirty day time period in which a defendant must remove a case starts to run from

6

defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."). Instead, the 30-day time period began to run from Defendant's receipt of "an amended pleading, motion, order or other paper" first indicating that the case was or had become removable.

As in this case, when the initial pleading is not removable solely because the amount in controversy is not facially apparent, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper'" for purposes of removal under § 1446(b)(3). 28 U.S.C. § 1446(c)(3)(A). On September 20, 2013, Plaintiffs filed an exhibit into the state court record during a hearing on Plaintiff's motion for default judgment. (R. Doc. 1-3). That exhibit detailed, for the first time, that Plaintiffs sought damages in excess of $75,000 as contained in their default judgment against Defendant. (R. Doc. 3-2 at 7). Because this exhibit related to the amount in controversy and was filed in the state court record, it constitutes "other paper" under § 1446(b), as contemplated by § 1446(c)(3)(A).[3] And so, the Court finds that Defendant timely removed within 30 days of September 20, 2013 — the first day it could have arguably been in receipt of such "other paper."

---

[3] Plaintiffs have not raised the issue of whether their exhibit qualifies as "other paper" for purposes of removal.

## IV.     RECOMMENDATION

For the reasons given above, the Court finds that Defendant has proven by a preponderance of the evidence that diversity jurisdiction exists and that Defendant's removal was procedurally sound.  It is the **RECOMMENDATION** of the Magistrate Judge that Plaintiffs' Motion for Remand be **DENIED**.

Signed in Baton Rouge, Louisiana, on .November 7, 2013

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**