UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDELL PAYNE, CHRIS RIDDLE, AND XCURSION MARKETING GROUP, LLC | CIVIL ACTION |
| VERSUS | NO. 13-679-JWD-RLB |
| FOREST RIVER, INC. | |

## ORDER

Before the Court is a Motion to Quash filed by Plaintiffs Wendell Payne, Chris Riddle, and Xcursion Marketing Group, LLC (collectively, "Plaintiffs") and non-party Denali Marine Group, LLC ("Denali") (R. Doc. 24); a Motion to Quash filed by non-party Kevcon Corporation d/b/a Misty Harbor Boats ("Kevcon") (R. Doc. 25); and a Motion for Protective Order filed by Kevcon (R. Doc. 21). All three of these motions concern a Rule 45 subpoena served by Defendant Forest River, Inc. ("Forest River") on Kevcon. All three of these motions are opposed by Forest River. (R. Docs. 26, 27, 31).

Also before the Court is a Motion to Quash filed by Denali in response to a Rule 45 subpoena served on it by Forest River (R. Doc. 30). This motion is opposed by Forest River as well. (R. Doc. 33).

I.  BACKGROUND

The parties to this action dispute the ownership of the design and specifications of certain pontoon boats and whether they entered into a joint venture regarding the production and sale of those pontoon boats. In their Petition, Plaintiffs allege that in January 2011 they perfected the design of the "Xcursion" series pontoon boats, which they allege is "unique in the pontoon

boating market because of [Plaintiffs'] invention and innovation, including higher end finishes for the product as well as a more functional and customer-friendly design." (R. Doc. 1-1, "Petition," ¶¶ 2-3). Plaintiffs allege that they then entered into a joint venture agreement with Forest River by which "Forest River would acquire the rights to Xcursion and [Plaintiffs] would market Xcursion and, in exchange, Forest would pay [Plaintiffs] 4% of the gross sales of Xcursion." (Petition, ¶ 4). Plaintiffs further allege that in May 2011, Forest River began manufacturing the Xcursion series pontoon boats using Plaintiffs' "designs, specifications, and plans for the Xcursion concept." (Petition, ¶ 5). Plaintiffs allege that after a series of attempted modifications to their joint venture agreement, Forest River breached the agreement by ceasing to pay Plaintiffs in August of 2012. (Petition, ¶¶ 7-11).

Forest River denies that a joint venture agreement exists between the parties. (R. Doc. 14 at 4). If, however, the Court determines that a joint venture between the parties does exist, Forest River seeks to recover net losses for the manufacture and sale of Xcursion series pontoon boats. (R. Doc. 14 at 4-5).

On June 14, 2014, Plaintiffs Payne and Riddle formed Denali. (R. Doc. 31-1). Plaintiffs and Denali claim that Denali was formed "to start an organization to pursue the development of another pontoon design separate and apart from Xcursion using [Kevcon] proprietary chassis configurations." (R. Doc. 24 at 12-13). Plaintiffs and Denali further assert that although Denali has entered into contract negotiations with Kevcon, those negotiations do not involve any "Forest River Marine, Forest River, Inc. or Xcursion pontoon boats." (R. Doc. 24 at 13).

On July 28, 2014, Denali and Kevcon entered into a non-disclosure agreement ("NDA") governing the exchange of confidential information regarding "Pontoon Boat Building Concepts." (R. Doc. 29-1 at 5).

On October 16, 2014, Forest River served a Rule 45 subpoena on Kevcon. (R. Doc. 19). The subpoena seeks production of the following categories of documents:

1. All documents [Kevcon] sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning and/or mentioning Xcursion pontoon boats, Denali Series pontoon Boats or other pontoon boat lines or products.

2. All documents [Kevcon] sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning or mentioning Forest River, Inc. or Forest River Marine (including any employees or representatives thereof).

(R. Doc. 18-2 at 6). The subpoena sought performance on November 5, 2014 in Shreveport Louisiana. (R. Doc. 18-2 at 3). The Court has suspended Kevon's duties to respond to the subpoena until resolution of the motions discussed in this Order. (R. Doc. 22 at 2).

On October 28, 2014, Plaintiffs and Denali filed their Motion to Quash the subpoena served on Kevcon. (R. Doc. 18). This Court denied the motion on the basis that a motion to quash filed pursuant to Rule 45 must first be filed in the district of compliance, namely the Western District of Louisiana. (R. Doc. 20). The Motion was subsequently filed in the Western District of Louisiana.[1] Kevcon then filed its own Motion to Quash in the Western District of Louisiana.[2] These Motions have been transferred back to this Court for resolution. (R. Docs. 24, 25). Forest River filed Oppositions responding to both Motions. (R. Docs. 26, 27). Kevcon has filed a Reply. (R. Doc. 29).

While the Motions to Quash were pending before the Western District of Louisiana, Kevcon filed its related Motion for Protective Order in this Court. (R. Doc. 21). Forest River filed an Opposition consolidating its arguments in opposition to the two Motions to Quash and the Motion for Protective Order. (R. Doc. 31).

---

[1] *See Payne v. Forest River, LLC*, No. 14-mc-38 (W.D. La. filed Oct. 31, 2014), ECF No. 1.

[2] *See Payne v. Forest River, LLC*, No. 14-mc-38 (W.D. La. filed Nov. 4, 2014), ECF No. 5.

On October 30, 2014, Forest River served a Rule 45 subpoena on Denali. (R. Doc. 32). The subpoena seeks production of the following categories of documents:

1. All documents related to the formation, creation, registration and/or ownership of Denali Marine Group, LLC.

2. All documents constituting agreements of any type which Denali Marine Group, LLC is a party.

3. All nondisclosure and/or confidentiality agreements of any type to which Denali Marine Group, LLC is a party.

4. All documents referring to or mentioning Forest River, Inc. and/or Forest River Marine (including any of its employees, agents, and representatives).

5. All documents containing designs, drawings, specifications or descriptions of any type for any type of pontoon boats, including Denali Series Pontoon Boats.

6. All documents sent to or received from Misty Harbor Boats (including any of its employees, agents, and representatives).

7. All documents sent to or received from Kevcon Corp. (including any of its employees, agents, and representatives).

8. All documents relating to and/or mentioning Xcursion, South Bay or Berkshire series pontoon boats.

(R. Doc. 32 at 3-4). The subpoena sought performance on November 17, 2014 in Baton Rouge, Louisiana. (R. Doc. 32 at 1). Accordingly, the Motion to Quash filed by Plaintiffs Payne, Riddle, and Denali on November 14, 2014 was timely and properly before this Court. Forest River has filed an Opposition to this Motion. (R. Doc. 33).

## II. LAW & ANALYSIS

### A. Legal Standards

Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is

4

"either admissible is reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)). The scope of discovery is not without limits, however, and the Court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

**B.    Kevcon's Objections are Untimely**

An objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Kevcon was served with the subpoena on October 16, 2014. (R. Doc. 19 at 2). The subpoena sought compliance on November 5, 2014. (R. Doc. 19 at 1). Accordingly, the deadline for Kevcon to object to the subpoena was October 30, 2014.

The record indicates the Kevcon did not provide Forest River with any objections to the Rule 45 subpoena prior to filing its Motion to Quash in the Western District of Louisiana on November 4, 2014.[3] Kevcon argues that because Plaintiffs and Denali originally filed their Motion to Quash in this Court on October 28, 2014 (R. Doc. 18), Forest River was placed on constructive notice of Kevcon's objections to the subpoena. (R. Doc. 29 at 2). In support of this theory, Kevcon argues that a reading of its motion "quickly reveals that its objections carefully track those made by Plaintiffs." (R. Doc. 29 at 2).

Having been served with a Rule 45 subpoena, Kevcon had a duty to serve its objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Kevcon has provided no legal authority for its argument that the filing of a motion to quash a Rule 45 subpoena by a party suffices as a timely objection to the Rule 45 subpoena by the non-party subject to the subpoena. Indeed, as discussed above, neither Plaintiffs nor Denali have standing to raise the objection of "undue burden" on behalf of Forest River.

This Court has held that "failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege." *Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.*, No. 10-516, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011). Furthermore, Kevcon has provided no evidence that Forest River agreed to any extension of the response deadline that could reasonably encompass an inclusion of the deadline to object. *See Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 1783955, at *5 (M.D. La. May 5, 2014) (finding no waiver of objections to subpoena where non-party had a good faith belief that issuing party's extension of "response" time also included an extension of its time to object). The only case relied upon by Kevcon in support of its argument that its non-

---

[3] *See Payne v. Forest River, LLC*, No. 14-mc-38 (W.D. La. filed Nov. 4, 2014), ECF No. 5.

compliance with Rule 45 should be excused based on its particular "circumstances" is non-controlling and distinguishable.[4]

For the foregoing reasons, the Court will deny Kevcon's Motion for Protective Order and Motion to Quash, and find that Kevcon has waived its objections to the Rule 45 subpoena served upon it.

### C. Plaintiffs and Denali Have Standing to Challenge the Subpoena Issued to Kevcon

There is no dispute that Plaintiffs and Denali timely objected to the subpoena served upon Kevcon. Before addressing their objections, however, the Court must determine whether the Plaintiffs or Denali (neither of which are subject to the subpoena at issue) have standing to challenge the subpoena. *Rice v. Reliastar Life Ins. Co.*, No. 11-44, 2011 WL 5513181, at *1 (M.D. La. Nov. 10, 2011) ("The Court's first inquiry in ruling on a motion to quash a Rule 45 subpoena directed to a non-party, like the subpoenas at issue in this motion, is to determine whether the movant has standing to challenge the subpoena."). The Fifth Circuit has held that a party does not have standing to oppose a subpoena unless the party is "in possession of the materials subpoenaed" or has "alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

Plaintiffs and Denali assert that they have standing to oppose the subpoena served upon Kevcon because they "have a personal right and privilege with respect to the materials subpoenaed." (R. Doc. 24 at 13). Plaintiffs and Denali argue that compliance with the subpoena

---

[4] In its Reply, Kevcon argues that the Rule 45 time limitation should be excused "where (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; and . . . . (2) the subpoenaed witness is a nonparty acting in good faith." (R. Doc. 29 at 3). Kevcon relies upon *Semtek Int'l, Inc. v. Merkuriy Ltd.*, No. 3607, 1996 WL 238538 (N.D.N.Y. May 1, 1996) for this proposition. Unlike in *Semtek*, the purpose of the subpoena at issue in this case has not been "obviated" by entry of a default judgment, there is no evidence that that response to the subpoena would involve "production of thousands of pages of documents," and there is no indication that Kevcon communicated with the Forest River regarding the subpoena prior to the filing of its motion.

by Kevcon "would likely divulge [their] sensitive commercial and proprietary information to a competitor," namely Forest River. (R. Doc. 24 at 13). Plaintiffs and Denali claim that the information sought by Forest River would possibly reveal their "proprietary information, commercially sensitive information, and trade secret information." (R. Doc. 24 at 13).

Plaintiffs and Denali have not provided the Court with detailed information supporting their claim of a personal right and privilege with respect to the documents sought by the subpoena. Based on the broad scope of the materials requested, however, the Court agrees with Plaintiffs and Denali that they have standing to challenge the subpoena. Whether the product and marketing specifications of the Excursion series pontoon boats belong to Plaintiffs, Forest River, or both jointly, is at dispute in this litigation. Accordingly, to the extent the subpoena seeks information regarding the Excursion series pontoon boats, the Court finds the possibility that responsive documents may contains Plaintiffs' proprietary information to be sufficient to confer standing on Plaintiffs. Similarly, to the extent the subpoena seeks information regarding the Denali series of pontoon boats, the Court finds the possibility that responsive documents may contain Denali's proprietary information to be sufficient to confer standing on Denali. Finally, the catch-all reference in the subpoena concerning "other pontoon boat lines or products" may concern the proprietary information of either Plaintiffs or Denali.

Based on the foregoing, the Court finds the Plaintiffs and Denali have sufficient standing to challenge the subpoena to the extent the subpoena concerns any of their alleged proprietary information.

Nonetheless, that standing does not go so far as to allow Plaintiffs and Denali to challenge a non-party subpoena on the grounds that it unduly burdens the non-party. *See*, *e.g.*, *Strogner v. Sturdivant*, No. 10-125, 2011 WL 4435254, at *5 n.5 (M.D. La. Sept. 22, 2011)

("Defendants lacked standing to challenge subpoenas directed to third-parties on the basis that the subpoenas are unduly burdensome. Even if a party has standing to challenge [that] subpoena . . . on privacy or privilege grounds, he may not challenge that subpoena on grounds [of] . . . undue burden." (citation omitted)); *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., L.L.C.*, No. 09-497, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) (defendants had standing to challenge non-party subpoena seeking defendant's private bank records, but lacked standing to challenge other non-party subpoena on ground of undue burden to subpoenaed party); *Frazier v. RadioShack Corp*., No. 10-855, 2012 WL 832285, at *1 n.2 (M.D. La. March 12, 2012) (same).

### D.  Relevance and Breadth of the Documents Sought in Subpoena Issued to Kevcon

Plaintiffs and Denali argue that the subpoena is vague and overbroad because it requests "all documents" and lacks date restrictions. These objections concern the issue of whether compliance would cause undue burden to Kevcon, but also concern the scope of potential confidential proprietary information and trade secrets relevant to this litigation. Although the Court will not address the issue of undue burden, the Court will discuss whether the subpoena is vague and overbroad because it seeks information not relevant to any claims or defendants of the parties to this action.

The objection of vagueness and overbreadth based on the subpoena's use of the term "all documents" is meritless. As pointed out by Forest River, the subpoena is seeking "all" documents within specific categories of documents, not "all" documents in the possession, custody, or control of Kevcon. Similarly, the definition of "documents" as defined in the subpoena is no broader than the definition of "documents or electronically stored information" allowed to be discovered pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(a)(1)(A)("[A]ny designated documents or electronically stored information--including

9

writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.").

Similarly, the objection of vagueness and overbreadth based on the subpoena's lack of specific date-range limitations is meritless. Denali was formed on June 14, 2014. (R. Doc. 31-1). Kevcon and Denali entered into the NDA on July 28, 2014. (R. Doc. 29-1). Accordingly, the documents sought to be produced concern only an approximate six-month period with regard to communications involving Denali. Furthermore, according to Plaintiffs, the Xcursion design was created in January 2011 and manufacturing began in May 2011. To the extent Plaintiffs Payne and Riddle may have communicated with Kevcon regarding the Xcursion prior to the formation of Denali and the NDA, responsive documents would date back no more than 3 years ago.

The Court agrees, however, with the objection of overbreadth to the extent the subpoena seeks documents unrelated to the Xcursion series pontoon boats. Again, the subpoena seeks the following categories of documents:

1. All documents [Kevcon] sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning and/or mentioning Xcursion pontoon boats, Denali Series pontoon Boats or other pontoon boat lines or products.

2. All documents [Kevcon] sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning or mentioning Forest River, Inc. or Forest River Marine (including any employees or representatives thereof).

(R. Doc. 18-2 at 6). The first category of documents is overbroad because it seeks documents "concerning and/or mentioning . . . Denali Series pontoon Boats or other pontoon boat lines or products." This request is overbroad because it seeks documents regarding the "Denali" series

pontoon boat regardless of whether those documents relate to the Xcursion series pontoon boats. There is no indication that the designs and specifications for the Denali series pontoon boats, or any other boats marketed by Kevcon, incorporate the design and specifications for the Xcursion series pontoon boats.[5] Absent any indication or even allegation that some other boat series involves Forest River or the Xcursion series, the discovery requests at issue simply provide unrestricted discovery to any business or associate of the plaintiffs (including direct competitors of Forest River). The catch-all request for documents regarding "other pontoon boat lines or products" is facially overbroad because it appears to encompass all documents exchanged between Denali and Kevcon regarding the production of any pontoon boats or products, regardless of whether they have any connection to the Xcursion series pontoon boats.

Forest River's requests for documents in the possession, custody, or control of Kevcon that were "sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC" concerning and/or mentioning either "the Xcursion series pontoon boats" or "Forest River, Inc. or Forest River Marine (including any employees or representatives thereof)" are within the scope of discovery in this litigation. Accordingly, the Court will limit the scope of the subpoena request to the following categories of documents:

1. All documents you sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning and/or mentioning the Xcursion pontoon boat.

2. All documents you sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning or mentioning Forest River, Inc. or Forest River Marine (including any employees or representatives thereof).

---

[5] Forest River asserts that Plaintiff Riddle posted the following on his Facebook account: "Well, it's been announced last Friday that I'm launching a new boat company. Be ready dealers, Denali is about to shake it up. Everything Xcursion was and then some. I'll win Xcursion back in federal court so until then Geaux Denali! Boats Launching in 5-6 weeks." (R. Doc. 31 at 5). Neither Plaintiffs nor Denali deny that this post was made by Plaintiff Riddle. This posting does not indicate, however, whether the Denali series pontoon boats incorporate unique design aspects of the Xcursion series pontoon boats.

To be clear, this narrower scope of documents may still include responsive documents concerning and/or mentioning either "Denali Series pontoon Boats or other pontoon boat lines or products." By removing the disjunctive references to the Denali series pontoon boats and other boat lines, however, the scope of documents will be limited to those purportedly sought by Forest River in the first place. (*See* R. Doc. 31 at 15 ("Forest River is simply attempting to get documents that were exchanges between Misty Harbor and plaintiffs related to Forest River and its Xcursion pontoon boat.")).

As narrowed by the Court, the documents sought by the subpoena are relevant to claims and defenses in this litigation. Plaintiffs and Forest River dispute the ownership of the designs and specifications of the Xcursion series pontoon boats. Documents provided by Payne, Riddle, or Denali to a competitor of Forest River concerning or mentioning the Xcursion series pontoon boats or Forest River are relevant to the Plaintiffs' claims that they designed the Xcursion series pontoon boats and entered into a joint venture relationship with Forest River for the manufacture and distribution of their designs. Furthermore, the documents are relevant to Forest River's defense and counterclaim for losses and profits resulting from any joint venture determined to exist between Plaintiffs and Forest River.

### D. Relevance and Breadth of the Documents Sought in Subpoena Issued to Denali

Denali, along with Plaintiffs Payne and Riddle in their individual capacities,[6] move to quash the subpoena issued to Denali on virtually the same grounds of vagueness, overbreadth, undue burden, and irrelevance argued in the Plaintiffs' and Denali's motion to quash the subpoena issued to Kevcon.

---

[6] There is no dispute that Plaintiffs Payne and Riddle have standing to challenge this subpoena.

As pointed out by Forest River, the Motion to Quash is only directed to the categories of documents numbered 5-8 in the subpoena:

> 5. All documents containing designs, drawings, specifications or descriptions of any type for any type of pontoon boats, including Denali Series Pontoon Boats.
>
> 6. All documents sent to or received from Misty Harbor Boats (including any of its employees, agents, and representatives).
>
> 7. All documents sent to or received from Kevcon Corp. (including any of its employees, agents, and representatives).
>
> 8. All documents relating to and/or mentioning Xcursion, South Bay or Berkshire series pontoon boats.

Accordingly, the Court will only address the objections raised by Denali, Payne, and Riddle with regard to these categories of documents.[7]

Denali, Payne, and Riddle argue that the use of the term "all documents" and lack of specific date-range limitations renders the subpoena overbroad, vague, and unduly burdensome. For the same reasons provided above, the Court disagrees and will overrule the objection. Production of the documents sought, as limited by the Court below, will not result in an undue burden to Denali.

Denali, Payne, and Riddle argue the documents sought are irrelevant. The Court agrees with this objection to the extent the subpoena seeks documents unrelated to the Xcursion series pontoon boats. Accordingly, the Court will limit and modify the four categories of documents as follows:

> 5. All documents containing designs, drawings, specifications or descriptions concerning and/or mentioning the Xcursion pontoon boat.

---

[7] Denali, Payne, and Riddle attached a copy of the subpoena to their Motion to Quash. (R. Doc. 30-3 at 1-5). This copy of the subpoena has redacted the first four categories of documents sought by Forest River. (R. Doc. 30-3 at 2).

13

6. All documents sent to or received from Misty Harbor Boats (including any of its employees, agents, and representatives) concerning and/or mentioning the Xcursion pontoon boat.

7. All documents sent to or received from Kevcon Corp. (including any of its employees, agents, and representatives) concerning and/or mentioning the Xcursion pontoon boat.

8. All documents relating to and/or mentioning Xcursion series pontoon boats.

The limitations and modifications imposed by the Court on these four categories of documents are consistent with the analysis provided above with regard to the subpoena issued to Kevcon.

### E. Confidentiality

The parties devote a considerable amount of briefing to the issue of whether compliance with the subpoena would result in the disclosure of trade secrets and proprietary information owned by the Plaintiffs, Denali, or Kevcon. The Court finds that the Protective Order between the parties issued on June 17, 2014 in this litigation (R. Doc. 16) sufficiently protects the interests of Plaintiffs, Denali, and Kevcon regarding the disclosure of any confidential information.

The Protective Order defines "confidential information" as any documents produced in discovery containing "confidential, trade secret or other commercial information or any other proprietary information the disclosure of which would cause competitive harm, embarrassment or oppression to the disclosing individual or entity." (R. Doc. 16 at 2). The Protective Order allows parties and nonparties to designate documents as either "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." (R. Doc. 16 at 3). A document may be designated as "ATTORNEYS EYES ONLY" if it contains "significant commercial or competitive information regarding, *inter alia*, research, development, costs, pricing, financial information, customers, internal operating procedures, consumer studies, technical information or other trade secrets,

which would not be disclosed in the ordinary course of business without an obligation of confidentiality and which if otherwise disclosed could cause the disclosing party competitive harm." (R. Doc. 16 at 3). Documents designated "ATTORNEYS EYES ONLY" may not be disclosed to "directors, officers and employees of each party, and individuals named as parties, who must see such documents to assist in the prosecution or defense of that party's claims in the lawsuit." (R. Doc. 16 at 8-9).

The NDA entered into between Denali and Kevcon anticipates court ordered disclosure of confidential information. (R. Doc. 29-1 at 6). The NDA defines "confidential information" to include "(i) any marketing strategies, plans, financial information, . . . ; (ii) plans for products or services . . .; (iii) any scientific or technical information, invention, design, process, procedure, formula, improvement, technology or method; (iv) any concepts, reports, data, know-how, works-in-progress, designs, . . . specifications, . . . information and trade secrets . . . ." (R. Doc. 29-1 at 5).

To the extent Denali or Kevcon determines that the production of documents responsive to the subpoena would include "confidential information" as defined by the NDA, Kevcon may designate those materials "ATTORNEYS EYES ONLY" prior to production, and, if so designated, those documents may not be disclosed to "directors, officers and employees" of Forest River absent a subsequent order from this Court.

The Court will therefore overrule the objections presented by Denali and Plaintiffs to the subpoenas issued to Kevcon and Denali on the basis that the documents sought contain confidential information that may be revealed to directors, officers, and employees of Forest River, a competitor of Denali and Kevcon.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that to the extent any of the above referenced motions requested expedited consideration, the Court's prior order staying any response (R. Doc. 22) and the rulings set forth herein have rendered any such request as moot. Accordingly, the requests for expedited consideration are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Kevcon's Motion to Quash (R. Doc. 25) and Motion for Protective Order (R. Doc. 21), which both seek relief from responding to Forest River's Rule 45 subpoena despite the lack of timely objections to the subpoena, are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff and Denali's Motion to Quash the Subpoena issued to Kevcon (R. Doc. 24), is **GRANTED IN PART AND DENIED IN PART** as detailed in this Order.

**IT IS FURTHER ORDERED** that Kevcon must produce the following categories of documents to Forest River within 14 days of this Order:

1. All documents you sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning and/or mentioning the Xcursion pontoon boat.

2. All documents you sent to or received from Wendell Payne, Chris Riddle and/or Denali Marine Group, LLC concerning or mentioning Forest River, Inc. or Forest River Marine (including any employees or representatives thereof).

**IT IS FURTHER ORDERED** that Plaintiff and Denali's Motion to Quash the Subpoena issued to Denali (R. Doc. 30), is **GRANTED IN PART AND DENIED IN PART** as detailed in this Order.

**IT IS FURTHER ORDERED** that Denali must produce the following categories of documents to Forest River within 14 days of this Order:

5. All documents containing designs, drawings, specifications or descriptions concerning and/or mentioning the Xcursion pontoon boat.

6. All documents sent to or received from Misty Harbor Boats (including any of its employees, agents, and representatives) concerning and/or mentioning the Xcursion pontoon boat.

7. All documents sent to or received from Kevcon Corp. (including any of its employees, agents, and representatives) concerning and/or mentioning the Xcursion pontoon boat.

8. All documents relating to and/or mentioning Xcursion series pontoon boats.

**IT IS FURTHER ORDERED** that Denali and Kevcon may designate any "confidential information" to be produced "ATTORNEYS EYES ONLY" as provided by this Court's Protective Order issued on June 17, 2014. (R. Doc. 16).

Signed in Baton Rouge, Louisiana, on December 23, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**